# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY ALLEN SLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-1171-F |
| ) | |
| OKLAHOMA DEPARTMENT ) | |
| OF CORRECTIONS INTERNAL ) | |
| AFFAIRS et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On October 16, 2015, Plaintiff Johnny Allen Slover, a state prisoner appearing pro se, filed a civil complaint seeking injunctive relief in this Court. *See* Compl. (Doc. No. 1). This matter was referred to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Plaintiff has twice been ordered to cure certain deficiencies with respect to his pleading and his lack of action as to the required filing fee. Plaintiff has taken no further steps to resolve those deficiencies despite the Court's orders to do so. In light of Plaintiff's failure to prosecute his case and to comply with this Court's orders and applicable rules, the Court should dismiss this matter without prejudice.

*1. Background*

On October 23, 2015, the Court found that Plaintiff's Complaint (Doc. No. 1) is deficient because the pleading fails to separately identify the defendants, to state "a short and plain statement of the grounds for the court's jurisdiction" and supporting facts for legal claims, or to include a decipherable "demand for the relief sought"—all of which

are required by the Federal Rules of Civil Procedure and by this Court's Local Rules and approved form for actions under 28 U.S.C. § 1983. *See* Order of Oct. 23, 2015 (Doc. No. 5); Compl.; Fed. R. Civ. P. 8(a); LCvR 9.2(a). Further, the Court found that Plaintiff has neither paid the required $400 filing fee nor filed an application to proceed *in forma pauperis*, as required by federal statute and this Court's Local Civil Rules. *See* Order of Oct. 23, 2015; LCvR 3.3(a), (b); 28 U.S.C. § 1915(a)(1)-(2).

The Court therefore directed the Clerk of the Court to send Plaintiff the appropriate forms and ordered Plaintiff—if he wished to proceed with this lawsuit—to cure the deficiencies designated above and submit an amended complaint on the Court's approved form to the Clerk of the Court for filing by November 13, 2015. The Court further ordered Plaintiff to either pay the $400 filing fee or file an application seeking leave to proceed *in forma pauperis* no later than November 13, 2015. *See* Order of Oct. 23, 2015; LCvR 3.2, 3.3, 3.4. Plaintiff was advised that failure to comply with these requirements may result in the dismissal of his lawsuit.

Plaintiff did not comply with the Court's October 23, 2015 Order but did submit two motions seeking an extension of time to do so. *See* Pl.'s Mots. (Doc. No. 6, 7). Although Plaintiff's Motions offered "no intelligible basis for an extension of time," the Court granted Plaintiff an extension—to December 9, 2015—to cure the deficiencies previously listed and submit an amended complaint on the Court's approved form, and to either pay the $400 filing fee or file an application seeking leave to proceed *in forma pauperis*. *See* Order of Nov. 18, 2015 (Doc. No. 8) at 1-2; LCvR 3.2, 3.3, 3.4. Plaintiff was advised: "Failure to comply with this Order may result in the dismissal of this action.

No further extension of time is contemplated absent exceptional circumstances." Order of Nov. 18, 2015, at 2.

## *II. Plaintiff's Failure to Prosecute and to Comply with the Court's Orders*

As of the present date, Plaintiff has submitted no further filings to the Court with respect to this lawsuit or otherwise attempted to comply with the Court's Orders.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with [the federal civil rules] or a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774-75 (10th Cir. 2014).

As a result of Plaintiff's failure to comply with the Court's orders and to prosecute his action, the Court is unable "to achieve an orderly and expeditious" resolution of this case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).

Additionally, Plaintiff's lack of compliance has left the Court unable to collect any of the $400.00 filing fee owed by Plaintiff or to evaluate Plaintiff's ability to pay this fee.

The Court has provided Plaintiff sufficient notice of the possibility of dismissal and opportunity to respond, as well an additional response opportunity through objection to this Report and Recommendation. *See* Order of Oct. 23, 2015; Order of Nov. 18, 2015; LCvR 3.2, 3.4(a). Accordingly, the Court should dismiss this action without prejudice to refiling. *See, e.g.*, *Soboroff v. Doe*, 569 F. App'x 606, 608-09 (10th Cir. 2014); *Frey v. McCormack*, 150 F. App'x 848, 849 (10th Cir. 2005).

## RECOMMENDATION

Accordingly, the undersigned recommends that the Court dismiss this lawsuit without prejudice.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 11, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 21st day of December, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE